USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    2/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID OWEN,

                      Plaintiff,

        -against-

AUDUBON FIELD SOLUTIONS, LLC,

                    Defendant.

25-MC-00588 (MMG)

**ORDER ON MOTION
TO TRANSFER**

MARGARET M. GARNETT, United States District Judge:

      This miscellaneous action was initiated by Audubon Field Solutions, LLC ("Audubon") on December 18, 2025 seeking to quash a subpoena issued to Jackson Lewis P.C. by the United States District Court for the District of New Mexico in the case *David Owen, et al v. Audubon Field Solutions, LLC*, No. 24-CV-00215 (2024). Dkt. No. 1. On December 29, 2025, David Owen moved to transfer this action to the District of New Mexico pursuant to Federal Rule of Civil Procedure 45(f). Dkt. No. 5. Audubon opposed the motion on February 7, 2026 and Owen filed a reply on February 13, 2026. Dkt. Nos. 15&16. For the reasons set forth below, the motion to transfer is GRANTED.

      Under Federal Rule of Civil Procedure 45, "the power to quash or modify a subpoena belongs to the court for the district where compliance is required." *Greater Chautauqua Fed. Credit Union v. Quattrone*, No. 22-CV-2753 (MKV), 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024). However, in certain circumstances, a subpoena-related motion may be transferred to the court that issued the subpoena pursuant to Federal Rule of Civil Procedure 45(f). Rule 45(f) provides "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The 2013 Advisory Committee Note to Rule 45(f) advises that, when considering a motion to transfer, the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." The Advisory Committee Note further explains that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts" and that transfer "is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment.

      Transfer of this case to the District of New Mexico is appropriate under Rule 45(f). The transfer is unlikely to impose a significant burden on nonparty Jackson Lewis P.C. because it is a

1

national law firm that has an office in New Mexico..[1]  Furthermore, the court in the New Mexico action has presided over discovery disputes in the case and has familiarity with the allegations in the case relevant to the contents of the subpoena.  Dkt. No. 5 at 3–5.  That court has also already commented on how it would likely treat the issues raised in Audubon's motion to quash.  Dkt. No. 15 at 4.  Courts in this district have transferred motions pursuant to Rule 45(f) in circumstances like the one presented here "where the judge in the underlying case has already been managing discovery . . . and where that judge has more knowledge of the case that would help resolve the issues."  *EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22-MC-00070 (ER), 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022).  Because the court in the underlying case has been managing discovery and is better suited to address the specific issues raised in the motion to quash, transfer is appropriate.

Audubon's opposition to the motion to transfer only supports this conclusion.  In its opposition, Audubon argues that this Court should quash the subpoena because it was issued after the discovery deadline and is foreclosed by District of New Mexico Local Rule 26.6.  *See* Dkt. No. 15 at 4.  The court in the District of New Mexico is the most appropriate adjudicator to determine the application of local court rules to the case and transferring the motion would avoid disrupting that court's management of the underlying litigation.

## CONCLUSION

For the reasons set forth above, the motion to transfer is GRANTED.  The Clerk of Court is respectfully directed to TRANSFER this matter to the District of New Mexico.

Dated: February 17, 2026
       New York, New York

SO ORDERED.

MARGARET M GARNETT
United States District Judge

---

[1] Our Locations, JACKSON LEWIS, https://www.jacksonlewis.com/locations (last visited February 12, 2026). *See Paulson v. Guardian Life Ins. Co. of Am.*, 614 F. Supp. 3d 1, 8 (S.D.N.Y. 2022) ("'[T]he Court generally has the discretion to take judicial notice of internet material,' such as a law firm's website.'") (quoting *Bluelink Marketing, LLC, v. Carney*, No. 16-CV-7151 (JLC), 2017 WL 5565223, at *2 n.4 (S.D.N.Y. Nov. 28, 2017)).